UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JENNIFER A. WARREN, an individual,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>BOISE POLICE DEPARTMENT, ADA COUNTY PROSECUTORS, BOISE CITY PROSECUTORS, ATTORNEY GENERAL OF IDAHO, and FACES OF HOPE VICTIM CENTER,<br><br>　　　Defendants. | Case No. 1:22-cv-00198-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is Defendant Faces of Hope's Motion to Dismiss. Dkt. 6.

After reviewing the briefs, the Court determines that oral argument is not necessary

and therefore issues a decision on the briefing alone.[1] For the reasons explained

---

[1] On September 13, 2022, Plaintiff Warren filed a document with the Court entitled "Amendment to Complaint, Affidavit of Facts." Dkt. 10. The document begins: "COMES NOW in the interest of I Jennifer Warren object to Faces of Hope Victim Centers motion to dismiss." *Id.* at 1. It goes on to re-state many of the claims asserted in Warren's Complaint. Because (Continued)

**MEMORANDUM DECISION AND ORDER - 1**

below, the Court will grant the motion but permit Plaintiff to amend her complaint

within twenty days after entry of this Memorandum Decision and Order.

## BACKGROUND

In May 2022, Plaintiff Jennifer Warren filed a pro se Complaint against

Defendant Faces of Hope, three governmental bodies, and the Steven Warren

Estate. *Compl.*, Dkt. 2. The Complaint appears to allege violations of the Violence

Against Women Act (VAWA) and, more generally, Warren's "civil rights" and

"victims rights." *Id.* at 3. Warren requests two forms of relief: an order granting

Warren "possession/ownership" of certain real property and punitive damages of

one million dollars. *Id.* at 4.

The Complaint appears to allege that law enforcement did not adequately

protect Warren from "re-victimization" by "Mr. Warren," who—she reports—

abused her in the past. *Id.* at 7. She claims that the defendants' failure to "uphold

the laws" caused her "further injury," and that "on more than one occasion the

police failed to do their due diligence when it came to making an arrest." *Id.* at 7 &

12. She further claims that she "continued to report" Mr. Warren's conduct but

_____

Warren apparently intended this document to serve as an 'objection' to Faces of Hope's motion,
the Court will treat it as her Response to that motion. Nevertheless, because the Response was
untimely and is not actually responsive to the motion, it has no practical effect on this decision.

"nothing was done." *Id.* at 12. And ultimately, she claims, law enforcement's failure led to a "high degree of emotional torment, distress, or suffering." *Id.*

Although she originally applied to proceed *in forma pauperis*, Warren later paid the filing fee and, in doing so, assumed the burden of serving process on all defendants. On July 27, 2022, Warren filed a Proof of Service with the Court reflecting that, to serve Faces of Hope, Warren personally mailed a summons to its business address. Dkt. 5 at 3. She addressed the letter to "Faces of Hope Victim Services" and included her own name and address for return mail. *Id.*

Warren's letter to Faces of Hope did not, however, contain the Complaint. *Def.'s Resp.* at 10, Dkt. 6. As it turns out, she had sent a similar but not identical complaint to Faces of Hope by certified mail three weeks earlier. *Dinger Decl.* ¶ 2, Dkt. 6-2. While the delivered complaint and filed complaint substantially overlap, they also differ in numerous ways. *Compare Dinger Decl.*, Ex. A, Dkt. 6-2, *with Compl.*, Dkt. 2. The delivered complaint lists an additional plaintiff, additional claims, and different factual allegations than the filed complaint. *Id.*

Faces of Hope now asks the Court to dismiss the Complaint on two grounds: (1) Warren failed to serve process on Faces of Hope in accordance with Federal Rule of Procedure 4 and (2) the Complaint fails to state a claim against Faces of Hope upon which relief can be granted.

**MEMORANDUM DECISION AND ORDER - 3**

## LEGAL STANDARDS

### 1.    Failure to Serve Process

Federal Rule of Civil Procedure 4(m) requires plaintiffs to serve process on all defendants within ninety days after filing a complaint. Put simply, that means the plaintiff must deliver a summons and copy of the complaint to each defendant using one of the methods prescribed by law. Fed. R. Civ. P. 4(c)(1). The proper method of delivery depends on whether the defendants are people or entities. Regardless of who the defendants are, though, a party *herself* cannot serve the summons and complaint—she must always have a non-party carry out service. Fed. R. Civ. P. 4(c)(2).

Rule 4(h) describes more than one way to serve a corporation within the United States. The first is to deliver a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Next, more broadly, a corporation can be served by any means permitted by state law in the state where the court sits or where service is made. Fed. R. Civ. P. 4(h)(1)(A). In Idaho, a corporation can be served by mail only in "limited circumstances" not applicable in this case. *See* Idaho R. Civ. P. 4(d)(3)(C); *Bettwieser v. NLRB Region 27*, 2008 WL 11348461, at *3 (D. Idaho Dec. 15, 2008).

A plaintiff bears the burden of demonstrating proper service. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Failure to demonstrate proper service is fatal to a lawsuit because "[a] federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Crowley v. Bannister*, 734 F.3d 967, 974-75 (9th Cir. 2013) (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)). Indeed, under Rule 4(m), if a defendant is not properly served, "the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice as to that defendant or order that service be made in a specified time." Fed. R. Civ. P. 4(m) (emphasis added).

Ultimately, though, Rule 4 is a "flexible rule" that should be "liberally construed" where a party substantially complies with its requirements. *Crowley*, 734 F.3d at 974-75. Moreover, even when a plaintiff does not substantially comply, courts have discretion to extend the time for service. Fed. R. Civ. P. 4(m); *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). And they are more inclined to do so when the plaintiff is pro se. *See David v. Wal-Mart Stores, Inc.*, 2011 WL 2550827, at *3 (D. Idaho June 27, 2011).

## 2.   Failure to State a Claim

To initiate a lawsuit, a plaintiff must also comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure. That rule requires a complaint to include "a short

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, while "detailed factual allegations" are not required, the complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. It must include both a "cognizable legal theory" and "sufficient facts" that, accepted as true, may justify relief. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).[2]

When a court dismisses a pro se litigant's complaint for failure to state a claim, it should grant leave to amend unless the complaint "could not possibly be cured" by an amendment. *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003). More generally, under Rule 15(a)(2) of the Federal Rules of Civil Procedure, courts should "freely give leave [to amend] when justice so requires." Courts in the Ninth Circuit apply Rule 15's policy favoring amendments with "extreme liberality," especially with regard to pro se plaintiffs. *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir.

---

[2] *Balistreri* was overruled on other grounds by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007), to the extent that *Balistreri* followed the rule that, "[a] complaint should not be dismissed under Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" 901 F.2d at 699 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

1987).

## ANALYSIS

Dismissal is warranted on both grounds set forth by Faces of Hope. However, because Warren is pro se and could feasibly amend her complaint to state a claim against Faces of Hope, she is granted leave to amend within twenty days after entry of this Memorandum Decision and Order.

**1.    Warren did not substantially comply with Rule 4's service of process requirements.**

Warren failed in several ways to properly serve process on Faces of Hope. First, contrary to Rule 4(c)(2), she attempted service on her own rather than through a non-party. Second, contrary to Rule 4(c)(1), she only sent Faces of Hope a summons, but not a copy of the operative complaint. And third, contrary to Rule 4(h), she tried to serve a corporation by mail without showing that the corporation's designated agent was unavailable. Thus, the Court finds that Warren neither technically nor substantially complied with service of process requirements as to Faces of Hope.

Because Warren is a pro se litigant, the Court would ordinarily allow her reasonable time to cure by effectuating service of process. However, as discussed below, that would do her no good in this case because her claim against Faces of Hope is dismissed on separate grounds.

2.    **Warren's Complaint fails to state a claim against Faces of Hope upon which relief can be granted.**

Warren has not stated a claim against Faces of Hope under Rule 8(a)(2), and her complaint is neither legally nor factually sufficient to survive Faces of Hope's motion to dismiss under Rule 12(b)(6).

First, Warren does not identify any cognizable legal theory against Faces of Hope. The only legal authority she mentions is the Violence Against Women Act (VAWA). But she does not explain which defendants allegedly violated that law, or what the violations may have been. Moreover, as Faces of Hope points out, there is no broad private right of action under VAWA for victims of domestic violence.[3] *United States v. Morrison*, 529 U.S. 598, 627 (2000); *see also Darling v. L.A. County Sheriff's Dep't*, 2012 WL 13055044, at *12-13 (C.D. Cal. Apr. 30, 2012). Warren does vaguely remark that "trusted officials . . . failed to do their duties," and she includes a definition of negligence near the end of her Complaint. *Compl.* at 4, Dkt. 2. But it is far from clear that her claim against Faces of Hope is

---

[3] Although likely inapplicable here, the most recent reauthorization of VAWA does create a private right of action "for individuals whose intimate visual images are disclosed without their consent, allowing a victim to recover damages and legal fees." *Fact Sheet: Reauthorization of the Violence Against Women Act (VAWA)*, THE WHITE HOUSE (March 16, 2022), https://www.whitehouse.gov/briefing-room/statements-releases/2022/03/16/fact-sheet-reauthorization-of-the-violence-against-women-act-vawa/.

based on a negligence theory.

Nor does Warren allege facts that, if true, plausibly justify relief against Faces of Hope. Warren's Complaint states broad conclusions instead of alleging specific facts. Dkt. 2. Indeed, Faces of Hope is never even mentioned in the Complaint, and the Court cannot discern where Faces of Hope might fit into Warren's sparse factual allegations.

In sum, no matter how liberally the Court construes Warren's complaint, it cannot find any plausible claim against Faces of Hope.

### 3.      Warren's claim against Faces of Hope is dismissed with leave to amend.

Faces of Hope asks the Court to dismiss Warren's claim without leave to amend, arguing that any amendment would be futile. *Motion* at 18, Dkt. 6. True, Warren's Complaint is utterly devoid of any viable claim against Faces of Hope. Nevertheless, the Court cannot conclude that Warren could not possibly state a claim in an amended complaint.

Idaho courts have recognized that special relationships can give rise to duties of care. *State v. Kraly*, 164 Idaho 67, 71 (2018). Warren's Complaint vaguely asserts that "trusted officials . . . failed to do their duties." *Compl.* at 4, Dkt. 2. Doubtful as it may be, Warren could feasibly allege additional facts sufficient to state a negligence claim based on a duty of care arising from a special relationship

with Faces of Hope.

At this stage, the Court simply cannot determine that any amendment would be futile. Moreover, Warren is a pro se litigant and has not yet attempted to amend her Complaint as to Faces of Hope. The Court will therefore grant her leave to amend the complaint.

## ORDER

**IT IS ORDERED that:**

1.     Defendant Faces of Hope's Motion to Dismiss (Dkt. 6) is **GRANTED** with leave amend. Not later than twenty days following the date this Memorandum Decision and Order is electronically filed, Plaintiff may (but is not required to) file an amended complaint. If no amended complaint is timely filed, the causes of action dismissed by virtue of this Memorandum Decision and Order will be deemed dismissed with prejudice upon no further notice to the parties.

2.     If Plaintiff does file an amended complaint, she must serve the amended complaint upon all defendants in compliance with the service of process requirements under Rule 4 of the Federal Rules of Civil Procedure.

MEMORANDUM DECISION AND ORDER - 10

DATED: December 1, 2022

B. Lynn Winmill
U.S. District Court Judge