UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JENNIFER A. WARREN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BOISE POLICE DEPARTMENT, ADA COUNTY PROSECUTORS, BOISE CITY PROSECUTORS, ATTORNEY GENERAL OF IDAHO, and FACES OF HOPE VICTIM CENTER,<br><br>Defendants. | Case No. 1:22-cv-00198-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Faces of Hope's Motion for Extension of Time and Definitive Response Deadline to Plaintiff's [Second] Amended Complaint (Dkt. 36). For the reasons discussed below, the Court will grant the motion in part and deny it in part.

## BACKGROUND

On December 1, 2022, this Court granted Defendant Faces of Hope's motion to dismiss, but provided Plaintiff leave to amend within twenty (20) days. Dkt. 25.

**MEMORANDUM DECISION AND ORDER - 1**

Warren filed an amended complaint (Dkt. 29) on December 20, 2022 and purportedly served it on Faces of Hope on December 21, 2022 (Dkt. 31).

Faces of Hope now gives two reasons for the Court to extend the response deadline until after the 90-day window for service of process under Federal Rule of Civil Procedure 4(m). First, it believes that Warren's purported service on December 21 was improper and intends to move for dismissal on that ground. But because Warren would likely be permitted to cure service until 90-days has lapsed under Rule 4(m), Faces of Hope wishes to delay its objection until the cure-period has lapsed. Second, Faces of Hope requests more time to respond given difficulties of "parsing through a *pro se* filing" and "client availability issues" during the holiday season. Given the number of defendants and unresolved motions to dismiss, Faces of Hope believes that granting its motion would not delay resolution of this case.

## DISCUSSION

The Court is not persuaded by Faces of Hope's first argument. One of the reasons for Rule 4(m)'s 90-day window for serving process is to allow parties an opportunity to cure defective service. It is true that Warren's first attempt at service was defective. But litigants—especially pro se litigants—are often given more than one strike when it comes to service of process. Intentionally letting the 90-day

MEMORANDUM DECISION AND ORDER - 2

clock run out would deny Warren the opportunity to cure service of process based on Faces of Hope's objection.[1]

Faces of Hope's second argument is stronger. There are two major holidays within the fourteen days after Warren filed her second amended complaint on December 20. Faces of Hope's reported client availability issues are therefore unsurprising and weigh in favor of a reasonable extension to the response deadline. Moreover, as Faces of Hope notes, given the numerous defendants and outstanding motions to dismiss, a reasonable extension will not delay the litigation as a whole. Rather, the Court finds that an extension is necessary to ensure Faces of Hope has adequate time to file an answer or other response.

## ORDER

IT IS ORDERED that:

1. Faces of Hope's Motion for Extension of Time and Definitive Response Deadline to Plaintiff's [Second] Amended Complaint (Dkt. 36) is **GRANTED in part and DENIED in part**. Accordingly:

    a. Faces of Hope shall respond to Warren's Second Amended Complaint (Dkt. 29) no later than January 31, 2023.

---

[1] This Order does not resolve the question of whether Warren's purported service on December 21, 2022, was effective.

DATED: **December 30, 2022**

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 3**